```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ROBERT MIMS,                            :
                    Plaintiff,          :
                                        :    07 Civ. 1926 (DLC)
          -v-                           :
                                        :    OPINION AND ORDER
CORRECTION OFFICER D. UFLAND,           :
CORRECTION OFFICER B. STEVENS,          :
CORRECTION OFFICER R. WESTFIELD,        :
CORRECTION OFFICER M. SEAMAN,           :
CORRECTION OFFICER M. RHYNDERS,         :
CORRECTION OFFICER R. TILLEY,           :
CORRECTION OFFICER S. NILES, SERGEANT   :
M. SCOTT, SERGEANT S. ROGERS, SERGEANT  :
LONZACK, DIRECTOR THOMAS G. EAGEN,      :
HEARING OFFICER GERARD GUINEY, GREEN    :
HAVEN SUPERINTENDENT ROBERT ERCOLE,     :
DIRECTOR DONALD SELSKY and JOHN DOES 1- :
8,                                      :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Jason L. Lopez
325 Broadway, Suite 404
New York New York 10007

For Defendants:
Christine Anne Ryan
Office of New York State Attorney General
120 Broadway, 24th Floor
New York, NY 10271

DENISE COTE, District Judge:

Plaintiff Robert Mims ("Mims") brings this action pursuant to 42 U.S.C. § 1983 alleging various deprivations of his constitutional rights during his incarceration at Green Haven

Correctional Facility ("Green Haven"). Defendants are corrections officers, supervisors, and medical personnel at Green Haven. Mims filed an amended complaint on August 10, 2007, which includes causes of action (1) under the Eighth Amendment in connection with a beating he allegedly suffered at the hands of the corrections officers at Green Haven; (2) under the Due Process Clause in connection with a grievance filed as a result of the attack ; (3) under the Eighth Amendment for denial of medical care; (4) under New York State law for assault and battery; and (5) under New York State law for general negligence. On August 21, 2007, defendants filed a partial motion to dismiss the state law causes of action, as well as the Eighth Amendment claim alleging denial of medical care. In his opposition, Mims agreed to withdraw his state law claims, leaving only one question to be decided here: whether Mims has sufficiently pled his claim for denial of medical care. For the reasons stated below, the defendants' motion to dismiss this claim is denied.

BACKGROUND

The following facts are taken from the amended complaint and assumed to be true for the purposes of deciding the motion. During all relevant times, plaintiff Mims was incarcerated at Green Haven. On February 13, 2006, Mims was locked out of his cell around the time of the last meal of the day. While

traveling to that meal, Mims was confronted by defendant Correction Officer Ufland ("Ufland") and directed to return to his cell.  Subsequently, cold and inedible food was delivered to Mims.  Later that day, Mims drafted a letter to defendant Superintendent Ercole ("Ercole") detailing this incident.

The next day, February 14, Mims filed a grievance against defendant Sergeant Lonzack for failing to file his grievance against Ufland and for threatening him for attempting to file such a grievance (the "Lonzack Grievance").[1]  On that day, Mims also filed a grievance against Ufland relating to the February 13 incident (the "Ufland Grievance").  Ercole accepted the Ufland Grievance insofar as he acknowledged that, as a result of a problem with the locking system, Mims had missed "chow run."

On March 27, 2006, Mims was induced to come out of his cell at approximately 5:50 p.m., and was thereafter attacked by Ufland and other Corrections Officers.  As a result of this attack, Mims suffered several serious injuries, including a stab wound to his right shin, as well as contusions, bruises, nerve damage, and limitations to his range of motion affecting unspecified parts of his body.

Also on March 27, defendant Sergeant Scott filed an inmate misbehavior report against Mims.  A Tier III hearing was

---

[1] The amended complaint does not state how this grievance was resolved.

convened, conducted by defendant Hearing Officer Guiney.  Mims was found guilty on four counts of misbehavior on May 3, 2006.[2]  This disposition was affirmed on appeal by defendant Director Selsky on July 10.

On April 7, 2006, Mims filed a grievance alleging that he had not received appropriate medical care in connection with the injuries sustained as a result of the March 27 attack.  Ercole accepted the grievance on May 17, but found that Mims was receiving appropriate medical care.  Mims appealed, and on July 5, 2006, the Inmate Grievance Program Central Officer Review Committee affirmed and found that there was no evidence to substantiate any malfeasance by Green Haven staff.

On April 11, 2006, Mims filed a grievance relating to the attack of March 27, which was denied by Ercole on April 19.  His appeals of that decision were also denied.

DISCUSSION

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests."  Leibowitz v.

---

[2] The amended complaint does not describe the specific nature of these charges.

Cornell Univ., 445 F .3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

Defendants have moved to dismiss Mims's third cause of action, in which Mims alleges that the defendants, including the members of the Green Haven medical staff sued as Jon Does 1-8, "intentionally prevented and displayed a deliberate indifference in regards to [his] receiving prompt and continued necessary

5

medial treatment" for the injuries sustained in the March 27, 2006 attack, in violation of the Eighth Amendment. Mims alleges that: (1) he was not given a full set of x-ray examinations to determine the extent of his injuries until twenty-four days after the attack; (2) he still has not received an M.R.I. of his injuries to assess the extent of his nerve damage; (3) he was not given appropriate pain and inflammatory medications until nine days after the attack, on April 5; and (4) the staff did not properly treat his puncture wound and other injuries. Mims further alleges upon information and belief that these acts and omissions are part of "a deliberate effort to conceal" the March 27 attack and to cause Mims additional pain and discomfort.

The Court of Appeals recently reviewed in detail the requirements for stating a claim for indifference to an inmate's medical needs under the Eighth Amendment. See Salahuddin v. Goord, 467 F.3d 263, 279-281 (2d Cir. 2006). Although the "Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care," it is well-established that "not every lapse in medical care is a constitutional wrong." Id. at 279 (citing Farmer v. Brennan, 511 U.S. 825, 832, 844 (1994)). "'[A] prison official violates the Eighth Amendment only when two requirements are met.'" Id. (quoting Farmer, 511 U.S. at 834). The first requirement is that the alleged deprivation must be "sufficiently serious."

Id. (citation omitted). To make this determination, a court must ascertain whether (1) "the prisoner was actually deprived of adequate medical care," keeping in mind that "the prison official's duty is only to provide reasonable care," id., and (2) whether such deprivation was itself "sufficiently serious" given the nature of the alleged inadequacy, that is, "what harm, if any, the inadequacy has caused or will likely cause the prisoner." Id. at 280. For example, "if the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id. If, however, the claim is that there has been "an unreasonable delay or interruption in [] treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment" and the actual or likely consequences of that delay or interruption. Id. (citation omitted); see also Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

The second requirement is that "the charged official must [have] act[ed] with a sufficiently culpable state of mind." Salahuddin, 467 F.3d at 280. Under this standard, "it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health," which "is a mental state equivalent to subjective recklessness, as the term is used in criminal law." Id. "This mental state requires that the

charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." Id.

Defendants' motion must be denied. The "seriousness" inquiry called for here is "ill-suited for resolution at the pleading stage and will have to await summary judgment proceedings, at which point a fully developed medical record will inform the court as to the nature of the inmate's condition." Smith, 316 F.3d. at 188 n.14 (quoting Gutierrez v. Peters, 111 F.3d 1364, 1372 n.7 (7th Cir. 1997)). As the Court of Appeals has noted in addressing an Eighth Amendment denial-of-medical-care claim, "[a]t the 12(b)(6) stage, the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Mims's allegations regarding, inter alia, the failure to treat his puncture wound adequately or timely to provide pain medication, as well as the pain caused as a result, are sufficient at this stage to allow Mims to present evidence of the seriousness of the alleged deprivation of medical care. See, e.g., id. at 702.

Defendants also argue, relying on Chance, that plaintiff's allegations amount to nothing more than a non-actionable difference of opinion regarding the proper course of medical treatment; Chance teaches, however, that "[w]hether a course of

treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." Id. at 703. Mims has alleged that he was lured out of his cell and attacked by several corrections officers, and that medical care was delayed or denied in an effort to cover up the attack and cause him additional pain and discomfort. "Th[ese] allegation[s] of ulterior motives, if proven true, would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment." Id. at 704. While "[i]t may be that [plaintiff] has no proof whatsoever of this improper motive . . . even if we think it highly unlikely that [he] will be able to prove his allegations, that fact does not justify dismissal for failure to state a claim." Id.

CONCLUSION

The partial motion to dismiss filed on August 21, 2007, is denied.

SO ORDERED:

Dated:  New York, New York
        November 21, 2007

_____
DENISE COTE
United States District Judge